872 F.2d 416
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Larry BRIGGS, Frank Dohmlo, Ken Scott, Howard Fair, Hope
Julian, Barbara Resavage, Thomas Martinka, Gloria Baumann,
Rick Demassis, Wilfred Tranter, Raymond Wohnhas, James
Manesfield, Richard Mauer, Donald Greenlee, Craig Dixon,
Rodney Butto, Phil Wilt, Mark Sponaugle, Linda Ferrari,
Administratrix of the Estate of Paul Ferrari, Deceased,
Plaintiffs-Appellants,
v.
HEINZ, U.S.A., H.J. Heinz Company, Defendants-Appellees.
 No. 88-3533.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 11, 1989.
Decided March 17, 1989.
 
 Robert James D'Anniballe, Jr., Alpert & D'Anniballe, on brief) for appellants.
 Robert H. Shoop, Jr., Barbara K. Ross, Candace M. Buzzelli, Thorp, Reed & Armstrong, William C. Gallagher, O'Brien, Cassidy & Gallagher, on brief, for appellees.
 Before DONALD RUSSELL, Circuit Judge, BUTZNER, Senior Circuit Judge, and KAREN LECRAFT HENDERSON, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Former employees of Heinz, U.S.A., appeal the district court's judgment dismissing this action on the ground that their claims under the West Virginia Wage Payment and Collection Act, W.Va.Code Sec. 21-5-1, et seq., are pre-empted by Sec. 301 of the National Labor Relations Act, 29 U.S.C. Sec. 185(a). We affirm.
 
 
 2
 The parties' collective bargaining agreement provided that employees were entitled to three personal leave days with pay. Compensation for unused personal leave was paid at the end of the year. Heinz sold the facilities where the employees worked to Star Kist Corporation, and most of the former Heinz employees became employees of Star Kist. Their union filed a grievance when Heinz refused to pay for unused personal leave earned in 1985 while the employees worked for Heinz.
 
 
 3
 On October 13, 1986, an arbitrator directed Heinz to compensate the employees for the personal leave benefits. The union requested clarification of the amount of the arbitrator's award, and on November 14, 1986, the arbitrator denied further clarification. Heinz issued checks to the employees on February 9, 1987, after the time for the union to appeal the award had expired.
 
 
 4
 The employees then filed this action alleging that Heinz had failed to pay them wages due, that is, the personal leave benefits, within 72 hours as required by the Wage Payment and Collection Act, W.Va.Code Sec. 21-5-4. Violation of the Act subjects the employer to liquidated damages in the amount of double pay. The employees complained that Heinz should have paid them within 72 hours after the end of 1985, the calendar year when the benefits were earned, or at least within 72 hours after the arbitrator's decision. Heinz successfully moved to dismiss on the grounds of pre-emption.
 
 
 5
 The employees rely on Lingle v. Norge Division of Magic Chef, Inc., 108 S.Ct. 1877 (1988), which held that a state law claim for retaliatory discharge was not pre-empted by Sec. 301 despite the fact that the collective bargaining agreement provided that employees could not be discharged except for proper or just cause. The Supreme Court explained that although determination of the state law claim would be based on the same facts as a grievance filed pursuant to the collective bargaining agreement, none of the elements of the cause of action required a court to interpret any term of the agreement. The state law claim was independent of the agreement for Sec. 301 preemption purposes. Lingle, 108 S.Ct. at 1881-83.
 
 
 6
 The present case is clearly distinguishable from Lingle. Here, in contrast to Lingle, the employees' claims are based on a provision in the collective bargaining agreement which gave rise to the dispute between Heinz and its former employees. The district court correctly perceived that this case is governed by the principles explained in Allis-Chalmers Corp. v. Lueck, 471 U.S. 202 (1985), which factually is quite similar. In Allis-Chalmers, an employee, complaining of delay in payments due under a disability insurance plan included in a collective bargaining agreement, brought a state tort action based on a state law that made bad-faith handling of an insurance claim a tort. The Supreme Court held Sec. 301 pre-empted the state claim. The Court explained that "state-law rights and obligations that do not exist independently of private agreements, and that as a result can be waived or altered by agreement of private parties, are pre-empted by those agreements." Allis-Chalmers, 471 U.S. at 213.
 
 
 7
 The employees' claim against Heinz was based on a provision for personal leave days created by the collective bargaining agreement. West Virginia law did not create the right to be paid for such leave. Whether the employees' rights survived the sale of the facilities where they worked presented a question for arbitration in accordance with the provisions of the collective bargaining agreement. The employees' claim for double pay under the West Virginia Act conflicts with the arbitrator's award.
 
 In Allis-Chalmers the Supreme Court held:
 
 8
 [W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a Sec. 301 claim or dismissed as pre-empted by federal labor-contract law. (citation omitted)
 
 
 9
 471 U.S. at 220. This precept is applicable to this case. The judgment of the district court is affirmed.